# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 26, 2010

140360

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

THOMAS STANLEY PALUCH,
      Defendant-Appellant.

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 140360
COA: 294023
Macomb CC: 2008-001647-FH

_____/

On order of the Court, the application for leave to appeal the November 16, 2009 order of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Macomb Circuit Court for a determination of whether the defendant is entitled to credit for time served between his March 28, 2008 arraignment on the warrant and his June 1, 2009 sentencing in this case. Typically, the defendant would not be entitled to jail credit for time served for an unrelated offense or pursuant to a parole detainer. See *People v Idziak*, 484 Mich 549 (2009) and *People v Adkins*, 433 Mich 732, 742, 748-751 (1989). However, the record is unclear as to whether the defendant was promised jail credit as part of a plea bargain. When the court asked the defendant, pursuant to MCR 6.302(C)(4)(a), whether there had been any other promises or inducements for his plea, the defendant responded by asserting that he had been promised a concurrent sentence ". . . [w]ith credit that I've already done." The court responded, "Your current sentence." On remand, the court shall determine whether the plea bargain included an agreement that the defendant would receive jail credit toward the sentence in this case. The court shall specifically ascertain (1) whether the prosecution and defense counsel intended to make jail credit a part of the plea agreement, (2) whether the defendant reasonably understood that he would receive credit for time served on the sentences in this case, and (3) whether the court intended to convey to him that he would receive such credit.

We do not retain jurisdiction.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 26, 2010

Clerk

y0519